## Perry County v. Samuel Stebbins.

1. PARTIES—*Corporations and Stockholders—Condition Precedent.*— Where complaining shareholders do not sue to redress grievances peculiar to themselves, but proceed in right of the corporation, or what is the same thing, in right of all the shareholders, the failure or refusal of the corporation itself to demand redress is a condition precedent to the right of the shareholders to sue or appear as plaintiffs, unless a state of facts is alleged and proved which makes it apparent that such a demand would be futile.

2. EQUITY—*Cancellation of Certificates of Stock—Offers to do Equity.*—The rules of equity require that both the corporation and the stockholders, if they seek to cancel a certificate of stock given in exchange for bonds, when the corporation, and therefore the stockholders, have had the full benefit of the bonds in the payment of the corporate indebtedness, must return the bonds even though they may have been declared invalid by the courts.

3. STOCK—*Cancellation of Certificates.*—The fact that shares of stock issued by a railroad corporation to a county in payment for bonds are common shares and are practically of no value, furnishes no reason why such shares should be canceled against the will of the owner.

**Bill,** to cancel certificates of stock. Error to the Circuit Court of Perry County: the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded. Opinion filed September 5, 1896.

BENJAMIN W. POPE and JOHN BOYD, attorneys for plaintiff in error.

Contracts binding unless set aside for fraud. Cook on Stock and Stockholders, Vol. 1, 35.

Transferee is in no better position than transferer. Higgins v. Lansingh, 154 Ill. 388; Campbell v. Morgan, 4 Brad. 100.

What is stock ?   Cook on Stock and Stockholders, Vol. 1, 14, 15 and 331; Payne v. Elliott, 54 Cal. 339; Higgins v. Lansingh, 154 Ill. 388.

Holding of courts as to invalidity of bonds.   Onstott v. People, 123 Ill. 489; Citizens Savings & Loan Association v. Perry County, 156 U. S. 692.

Corporations estopped by acquiescence.   Higgins v. Lansingh, 154 Ill. 301; Kent v. Quicksilver Mining Co., 78 N. Y. 159; P. & S. R. R. Co. v. Thompson, 103 Ill. 187; Bradley v. Ballard, 55 Ill. 413; Chicago Building Society v. Crowell, 65 Ill. 453; City of E. St. Louis v. E. St. Louis Gas Light & Coke Co., 98 Ill. 415; Darst v. Gale, 83 Ill. 140; Beitman v. Steiner, U. S. Dig. 1893, pages 989, 990, Sec. 324; U. S. Dig. 1895, page 961, Sec. 448; Green v. Abitine Med. Co., 96 Cal. 322.

Doctrine of *ultra vires* inapplicable.   Cook on Stock and Stockholders, Vol. 2, 664; Higgins v. Lansingh, 154 Ill. 301; Kent v. Quicksilver Mining Co., 78 N. Y. 159; Session Laws Ill. 1857, page 707; Session Laws Ill., 2d Ses. 1849, page 33; Citizens' Saving & Loan Asso. v. Perry Co., 156 U. S. 692; Schall v. Bowman, 62 Ill. 321; Louisville v. Savings Bank, 104 U. S. 469; Concord v. Robinson, 121 U. S. 165, 169; Public Laws Ill., 1869, page 316; Dillon's Municipal Corporations, 441; Marshall County v. Cook, 38 Ill. 44; Cook on Stock and Stockholders, Vol. 1, 14.

The company a guilty party.   Cook on Stock and Stockholders, Vol. 1, 40.

Equity seeker must do equity.   Higgins v. Lansingh, 154 Ill. 380, 388.

Limitations and estoppels.   Story on Agency, Sec. 140; Higgins v. Lansingh, 154 Ill. 388, 391; Kent v. Quicksilver Mining Co., 78 N. Y. 159; P. & S. R. R. Co. v. Thompson, 103 Ill. 187; Bradley v. Ballard, 55 Ill. 413; Chicago Building Soci. v. Crowell, 65 Ill. 453; City of E. St. Louis v. E. St. Louis Gas Light & Coke Co., 98 Ill. 415; Darst v. Gale, 83 Ill. 140; U. S. Dig. 1892, page 1003, Sec. 342.

CHARLES W. THOMAS, attorney for defendant in error, contended that this stock, as carried on the books of the

company, is a cloud upon the stock of all the rightful stockholders therein. If recognized by the company it reduces *pro tanto* the just power and influence of every true stockholder in the company's affairs, and if a dividend is declared it injures pecuniarily every stockholder of the corporation. The bill in this case alleges that the company recognizes and treats the county as entitled to all the rights of a stockholder, and on that ground the corporation is made defendant and the suit brought on behalf of all stockholders who are willing to join the complainant in the prosecution thereof. Equity has ample power to cancel even over-issued stock. Cook on Stock and Stockholders, Sec. 297 and notes; Campbell v. Morgan, 4 Brad. 100; see also Cairo & St. Louis R. R. Co. v. Sparta, 77 Ill. 505; Onstott v. The People, 123 Ill. 489.

An illegal contract, which is one against good morals, or public policy, or in violation of a statute, is void and can not form the basis of any judicial action. Goodrich v. Tenney, 144 Ill. 422, and notes to same, 36 Am. State R. 467.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

In December, 1870, plaintiff in error subscribed for 1,000 shares of stock, of $100 each, in the Belleville & Southern Illinois Railroad Company, and afterward received a certificate therefor, and on January 1, 1871, in payment for the stock, issued and delivered to the railroad company 100 bonds for $1,000 each, payable on January 1, 1891, with interest thereon at the rate of seven per cent per annum. There is no doubt of the invalidity of these bonds under decisions of the Illinois and United States Supreme Courts. Onstott v. The People, 123 Ill. 489; Citizens Savings and Loan Association v. Perry County, 156 U. S. 692.

This suit is a bill in chancery filed by the defendant in error, who is the owner of ten shares of the stock of the said railroad company, purchased by him in 1893, for the purpose of procuring the cancellation of the stock and the certificate thereof held by the county, as above stated. The

chancellor granted the relief prayed for, and the record is now before this court on writ of error for review.

There is no allegation of fraud in the bill or proof of fraud in the record, or finding of fraud in the decree, and the decree can not be sustained, therefore, on the ground that plaintiff in error perpetrated a fraud on the railroad company in procuring the stock and the certificate thereof.

The most that can be asserted under this head is that the facts which, twenty years afterward, were held to render the bonds invalid, were in existence and known to plaintiff in error when the bonds were issued. But, if plaintiff in error's agents, who transacted the county's business, had not in good faith believed the bonds to be valid, they would not have paid interest thereon for more than twenty years, and also the principal of three bonds, making a total amount of more than the principal of all the bonds issued to the railroad company. Besides, the stockholders were chargeable with notice of the same facts, and received the full benefit of the transaction by the use of the bonds in the construction of the road, and for twenty-three years acquiesced in plaintiff in error's ownership of the stock, the cancellation of which is now insisted upon.

Under such circumstances, neither the acquiescing stockholders nor their transferees have any right to demand the cancellation of plaintiff in error's certificate of stock. 1 Cook on Stock, etc., Sec. 40.

By what authority does defendant in error assume to file a bill in equity for the cancellation of plaintiff in error's stock? If a right of action exists at all, it is in the corporation itself, and not in the stockholders.

"Where the complaining shareholders do not sue to redress grievances peculiar to themselves, but proceed in right of the corporation, or, what is the same thing, in right of all the shareholders, then the failure or refusal of the corporation itself to demand redress is a condition precedent to the right of the shareholders to sue or to appear as plaintiffs, unless a state of facts is alleged and proved which makes it apparent that such a demand would be

futile. The reason is that, if every shareholder were allowed to bring such suits at pleasure, the directors might find themselves harassed by a multiplicity of suits and by endless litigation. The principle is that the stockholder or stockholders seeking to maintain the action, must show that they have used, in good faith, reasonable efforts to obtain redress at the hands of the corporation. Such an effort, as it has been said, must be an earnest and not a simulated effort. This reasonable effort will generally consist in a demand upon the directors to have an action brought and prosecuted in the name of the corporation to redress the grievances complained of." Thompson's Commentaries on the Law of Corporations, Sec. 4500. (See also the multitude of authorities cited in the notes to this section.)

In section 4508 of the same volume, it is said that this refusal of the corporation is a condition precedent upon which the right of action depends, and as such *must be averred and proved*, otherwise the bill, and the evidence in support of the same, will fail to show a right of action. This being true, the filing of an answer, after the overruling of a demurrer to the bill, is not a waiver of the insufficiency of the bill; for the law is well settled in this State that if a bill shows no cause of action, this defect is fatal on the hearing, whether the bill has been demurred to or not.

In this case there is no allegation or proof of a demand on the corporation to commence this suit. On the contrary, there is strong reason to believe that the corporation procured the filing of the bill by the defendant in error for the reason that the corporation could not successfully maintain the suit in its own name. The corporation is a defendant to the bill, and generously makes default, thereby confessing the stockholder's right to a decree! Perhaps the corporation might have succumbed to a little importunity on defendant in error's part and thus have been induced to bring the suit itself! "As to proceedings instituted by a shareholder, nominally for the protection of his own inter-

ests and those of other shareholders, but really in behalf of the corporation itself,.it was said on one occasion, by the vice-chancellor, Sir W. Page Wood, that 'it would be a great aggravation of the case, if the plaintiff were a mere man of straw, put forward to do on behalf of the company what they themselves would not venture to attempt.'" Sec. 4477 of Thompson's work above cited.

It is manifest that defendant in error has no standing in a court of equity for the maintenance of this suit.

Nor would the corporation itself, if substituted as complainant, be in any better position under this record, and a stockholder can not secure a benefit for a corporation which the latter can not secure for itself. If the corporation *will not act*, then the stockholder may; but even then the stockholder *can not do more* than the corporation *might* if it *would*.

Would the corporation itself, if complainant, be entitled to a decree canceling plaintiff in error's certificate of stock? We think not; for the reason that the most important of all equitable maxims would bar the way.

It would be an insuperable obstacle to the granting of relief in such case that the corporation paid for the construction of its road with the bonds and received full value therefor, and does not offer to return the bonds as the equitable condition upon which the cancellation of the certificate of stock may be decreed.

Why should plaintiff in error's certificate of stock be canceled at the prayer of the corporation, without an offer to return the bonds? The plaintiff in error is liable to be sued by the holders of these bonds, and to be put to much expense and annoyance in making a defense. Some lawyers are not satisfied till courts of appeal have decided the same question the same way for half a dozen times. Equity requires that one seeking equity shall show his love of equity and title to equity by first doing equity himself. Equity says, both to the corporation and to the stockholders, that if they seek the cancellation of a certificate of stock given in exchange for bonds, when the company,

and therefore the stockholders, have had the full benefit of the bonds in the payment of the corporate indebtedness, the bonds must be returned, even though these may have been declared invalid by the courts.

But it may be said that the bonds are in the hands of third parties, and therefore can not be returned, either by the corporation or by the stockholders. This fact does not change the rule that whoever comes into equity, invoking the aid of a court of conscience, must come with an offer to do the fair thing by his antagonist, in order that his antagonist may be compelled to do the fair thing by him. If he can not come thus, he ought not to come at all. It is but the statement of the golden rule in legal phrase. Higgins v. Lansingh, 154 Ill. 301. (See especially pp. 379–381, and cases there cited.) The stockholder should act through or upon the company; and his inability to accomplish his end in this manner should not be taken as a justification of an inequitable attack upon a third party. A perusal of the 89th chapter of Thompson's work above cited, will show, beyond question, that this is the law.

It is true that the shares of stock held by the plaintiff in error are common shares, and that the county has never received a dividend on them, all earnings having gone to the holders of preferred stock. The road has never been operated by the corporation which issued the stock, but has been used and operated by another corporation. And yet the fact that the stock is practically valueless furnishes no reason why it should be destroyed against the will of the owner.

It is proper to say, in conclusion, that there is nothing in the record to show that the corporation is liable in any manner to the holders of the bonds.

The decree of the Circuit Court is reversed, and the cause is remanded, with directions to that court to dismiss the bill for want of equity.